1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| GILDA YOUSSEF and CATHY CLERMONT, individuals, | CASE NO:  CV 12-5364-GW (AGRx) |
| Plaintiffs, | Assigned to the Honorable George H. Wu<br>Courtroom 10 |
| vs. | **PROTECTIVE ORDER** |
| BANK OF AMERICA,  a corporation or other form of legal entity, and DOES 1 through 10, inclusive, | Complaint Filed: June 20, 2012 |
| Defendants. | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1.   <u>PURPOSES AND LIMITATIONS</u>

This Protective Order shall govern (a) Plaintiffs' financial and medical information; (b) information protected by a statutory or constitutional right to privacy; (c) commercially sensitive information that, of disclosed, would cause Defendant competitive injury, including, without limitation, Defendants' confidential or proprietary business information, trade secrets, competitively sensitive technical, marketing, financial, sales, compensation, or other confidential business information; and (d) Defendant's employees' personnel files, compensation records, medical information, disciplinary files, performance evaluations, and other records related to personal or private information maintained in connection with the employment of an individual. This Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. As set forth in Section 10, below, this Protective Order creates no entitlement to file confidential information under seal; Central District Civil Local Rule 79-5, and the other appropriate local rules setting forth the procedures that must be followed (to the extent not inconsistent with this Stipulation and Order) reflect the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    <u>"Confidential" Information or Items:</u>  includes, but is not limited to, testimony and information that reflect: (a) Plaintiffs' financial and medical information; (b) information protected by a statutory or constitutional right to privacy; (c) commercially sensitive information that, of disclosed, would cause Defendant competitive injury, including without limitation, Defendants' confidential or proprietary business information, trade secretes, competitively sensitive technical, marketing, financial, sales, compensation, or other confidential business information; and (d) Defendant's employees' personnel files, compensation records, medical information, disciplinary files, performance evaluations, and other records related to personal or private information maintained in connection with the employment of an individual.

2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   <u>House Counsel</u>:  attorneys who are employees of a Party.

2.11   <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as

well as their support staffs).

2.12   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in mediation, court, or in other settings that might reveal Protected Material.

4.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or the Court otherwise directs.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. In designating information as Protected Material, the party so designating will make such designation only as to that information which it believes contains secret, confidential, private, and/or proprietary information and must be protected against disclosure to non-parties. Each party shall exercise good faith in designating

information as Protected Material.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), Protected Material shall be designated by marking the page:  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only." In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged.

(b)     <u>for testimony given in deposition</u>, Protected Material shall be designated by either (a) indicating on the record at the deposition that the testimony is "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" and subject to the provisions of this Order or (b) by notifying the opposing party in writing within twenty (20) business days of the receipt of the transcript of those pages and lines or exhibits that contain information that is "Confidential" or as "Highly Confidential – Attorneys' Eyes Only." No Protected Material may be read by anyone other than attorneys for the named parties, experts and consultants, and the deponent during said twenty (20) business day period. Upon being informed that certain portions of a deposition disclose "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" information, each party must cause each copy in their possession, custody or control to be so marked immediately. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

1    (c)    for information produced in some form other than documentary,

2  and for any other tangible items, that the Producing Party shall mark on the

3  exterior of the container or containers in which the information or item is stored:

4  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5    (d)    In the event that any Protected Materials are attached to, or

6  quoted or summarized in, any pleadings, motion papers or other papers filed with

7  the Court and said Protected Materials would be disclosed in any way therein, such

8  Disclosures or Discovery Materials, pleadings or papers shall be submitted to the

9  Court with a request to file under seal in accordance with this Court's Civil Local

10  Rule 79-5. Copies of such documents containing information subject to this

11  Protective Order that are served on counsel for the parties shall be similarly

12  identified and shall be maintained as "Confidential" or as "Highly Confidential –

13  Attorneys' Eyes Only" as described herein.

14    (e)    Any pleadings, motion papers or other papers not filed under

15  seal shall have deleted therefrom all Protected Materials and all portions of such

16  pleadings or papers that would disclose the substance of Protected Materials,

17  provided, however, that any Protected Materials served upon Counsel of Record

18  need not have said materials deleted therefrom.

19    5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

20  failure to designate qualified information or items as "Confidential" or "Highly

21  Confidential – Attorneys' Eyes Only" does not, standing alone, waive the

22  Designating Party's right to secure protection under this Order for such material. If

23  material is appropriately designated as "Confidential" or "Highly Confidential –

24  Attorneys' Eyes Only" after the material was initially produced, the Receiving

25  Party, on timely notification of the designation, must make reasonable efforts to

26  assure that the material is treated in accordance with the provisions of this Order.

27  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

28    6.1    Timing of Challenges. Unless a prompt challenge to a Designating

Party's confidentiality designation is necessary to avoid foreseeable substantial
unfairness, unnecessary economic burdens, or a later significant disruption or delay
of the litigation, a Party does not waive its right to challenge a confidentiality
designation by electing not to mount a challenge promptly after the original
designation is disclosed.

6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a
Designating Party's confidentiality designation must do so in good faith and must
begin the process by conferring directly with counsel for the Designating Party. In
conferring, each Party has a duty to explain the basis for its belief that the
confidentiality designation was proper or was not proper, as applicable, and the
Designating Party must be given an opportunity to review the designated material
and reconsider its position.

6.3   <u>Judicial Intervention</u>. A Party that elects to press a challenge to a
confidentiality designation after considering the justification by the Designating
Party may file and serve a motion under Civil Local Rules 37 (and in compliance
with Civil Local Rule 79-5, if applicable).  The burden of persuasion in any such
challenge proceeding shall be on the Designating Party. Until the Court rules on
the challenge, all parties shall continue to afford the material in question the level
of protection to which it is entitled under the Producing Party's designation.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is
disclosed or produced by another Party or by a non-party in connection with this
case only for prosecuting, defending, or attempting to settle this litigation. Such
Protected Material may be disclosed only to the categories of persons and under
the conditions described in this Order. When the litigation has been terminated, a
Receiving Party must comply with the provisions of section 11, below (FINAL
DISPOSITION).

7.2   <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise

ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

   (a)   the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

   (b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (c)   experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (d)   the Court and its personnel;

   (e)   court reporters, stenographers, and videographers (and their staffs), and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

   (g)   the author of the document or the original source of the information.

   7.3   <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items</u>.  Unless otherwise ordered by the Arbitrator or Court or

permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     House Counsel of a Receiving Party, (1) to whom disclosure is reasonably necessary for this litigation, and (2) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, stenographers, videographers (and their staffs), and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f)     the author of the document or the original source of the information.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" the Receiving Party must so notify the Designating Party, in writing, immediately and in no event more than three court days after receiving the subpoena or court order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Proective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     FILING PROTECTED MATERIAL

Any Protected Material that is filed with or submitted t0 the Court shall be filed under seal. A Party that seeks to file under seal any Protected Material with the Court must comply with Civil Local Rule 79-5, and other applicable civil local rules. Any Court hearing which refers to or describes Protected Material shall, in the Court's discretion, be held in camera.

11.   FINAL DISPOSITION

This Order survives the conclusion, whether by settlement, order or judgment, of this litigation. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, including appeals, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, hearing and deposition transcripts, trial exhibits, legal memoranda, correspondence, work product, and attorney-client communications that include or are derived from Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order shall preclude any Party from seeking modification of this Order.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO ORDERED.


DATED: January 14, 2013

_____
HON. ALICIA G. ROSENBERG
United States Magistrate Judge

PROTECTIVE ORDER

1

<u>EXHIBIT A</u>

2

3

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

4

I, _____ [print or type full name], of

5

_____ [print or type full

6

address], declare under penalty of perjury that I have read and understand the

7

Stipulated Protective Order that was issued by the Honorable George H. Wu, on

8

_____ [date] in the case of *Gilda Youssef and Cathy Clermont v. Bank of*

9

*America*, N.A, CV 12-5364-GW (AGRx). I agree to comply with and to be bound

10

by all the terms of this Stipulated Protective Order and I understand and

11

acknowledge that failure to so comply could expose me to sanctions and

12

punishment in the nature of contempt. I solemnly promise that I will not disclose in

13

any manner any information or item that is subject to this Stipulated Protective

14

Order to any person or entity except in strict compliance with the provisions of this

15

Order. I further agree to submit to the jurisdiction of the United States District

16

Court for the Central District of California for the purpose of enforcing the terms

17

of this Stipulated Protective Order, even if such enforcement proceedings occur

18

after termination of this action.

19

20

Date: _____

21

22

City and State where sworn and signed: _____

23

24

Printed name: _____
                        [printed name]

25

26

Signature: _____
                     [signature]

27

28

13
PROTECTIVE ORDER